# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

ADRIAN WEBSTER[1]                                    PETITIONER

v.                                          No. 1:18CV211-SA-DAS

MISSISSIPPI ATTORNEY GENERAL                          RESPONDENT


## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Adrian Webster for a writ of

*habeas corpus* under 28 U.S.C. § 2254.  The State has moved to dismiss the petition as untimely filed

under 28 U.S.C. § 2244(d)(1).  Mr. Webster has not responded to the petition, and the deadline to do

so has expired.  The matter is ripe for resolution.  For the reasons set forth below, the State's motion to

dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

On November 27, 2006, Webster pled guilty to two counts of aggravated assault in the

Circuit Court of Winston County, Mississippi, Cause No. 2006-0060-CR.  *See* Exhibit A[2]

(Petition to Enter Plea of Guilty); *see also* Exhibit B (Plea Transcript).[3]  On December 7, 2006,

the trial court filed its Judgment, sentencing Webster to serve two consecutive twenty-year

sentences in the custody of the Mississippi Department of Corrections (MDOC) for each count of

---

[1] Mr. Webster also spelled his first name "Adrion" in state court proceedings.

[2] The exhibits referenced in the instant memorandum opinion may be found attached to the
State's motion to dismiss.

[3] He was originally indicted for armed robbery (Count I) and two counts of aggravated assault
(Counts II and III); however, in exchange for his guilty plea, the armed robbery charge was dismissed.
*Id*.

aggravated assault.  *See* Exhibit C (Judgment); *see also* Exhibit D (Sentencing Transcript).  By statute, there is no direct appeal from a guilty plea.  Miss. Code Ann. § 99-35-101.

Adrian Webster signed his "Motion to Vacate Conviction and/or Sentence" (the "PCR motion") on May 11, 2015, and it was filed on July 1, 2015, in Winston County Circuit Court, Cause No. 2015-075-CVM.  Exhibit E.  He alleged that his consecutive sentences violated the Constitution's prohibition against Double Jeopardy and that defense counsel failed to inform him of his right to appeal his guilty plea.  *Id.*  On July 16, 2015, the Winston County Circuit Court denied the PCR motion, finding that Webster's "convictions do not constitute double jeopardy" and that he "was advised of his appeal rights."  Exhibit F.  The trial court further stated that "[s]ince no fundamental constitutional rights were violated, this motion is also time barred."  *Id.* On January 5, 2016, Webster's appeal of the trial court's order denying his PCR motion was dismissed because Webster failed to file his appellant's brief.  *See* Exhibit G (Mississippi Court of Appeals Cause No. 2015-CP-01202-COA).  Webster's request to reinstate his appeal was also denied.  *Id.*

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Under current Mississippi law, there is statutory prohibition against pursuing a direct appeal from a guilty plea. However, at the time of Mr. Webster's plea, a defendant could appeal from a guilty plea within thirty days – when the issue on appeal was whether the sentence was illegal. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977). As Mr. Webster's guilty plea was taken before the current statute took effect, he is entitled to the benefit of the earlier exception. As such, the court will add 30 days to the date of the entry of a guilty plea to calculate the finality of Mr. Webster's conviction. *See* 28 U.S.C. § 2244(d)(1)(A). Mr. Webster was sentenced on his guilty pleas on Saturday, January 6, 2007; therefore, the next available business day was Monday, January 8, 2007. The initial deadline for Mr. Webster to seek federal *habeas corpus* relief thus became Tuesday, January 8, 2008 (January 6, 2007 + 1 year).[4]

State appellate court records reflect Mr. Webster did not file a proper motion for state post-conviction collateral relief on or before Tuesday, January 8, 2008. Though he filed a state post-conviction motion, it was signed on May 11, 2015, more than seven years *after* the January 8, 2008,

---

[4] January 6, 2008, fell on a Saturday; as such, the deadline for seeking *habeas corpus* relief became January 8, 2008, the next business day.

limitations period expired.  As such, he did not enjoy statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2), and his federal *habeas corpus* deadline remained January 8, 2008.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed on August 1, 2018, and the date it was received and stamped as "filed" in the district court on November 9, 2018.  The instant petition was thus filed over 10½ years after the January 8, 2008, filing deadline.  The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling.  *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).  For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of July, 2019.

 /s/ Sharion Aycock
U. S. DISTRICT JUDGE